**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Robert Najera,

Plaintiff,

v.

Unknown Parties, Ruben Arciniega, and Silchuk Transport LLC,

Defendants.

No. CV-26-08231-PCT-JAT

**ORDER**

On September 22, 2026, counsel Michael Ryan Williams and Sean Patrick Healy of the law firm of Lewis Brisbois Bisgaard & Smith LLP removed this case to federal court on behalf of "Defendants." (Doc. 1 at 5, line 10.5). Counsel signed the notice of removal on behalf of Ruben Arciniega and Silchuk Transport LLC.

The notice of removal states that Ruben Arciniega has not been served. (Doc. 1 at 2, ¶ 3). The notice of removal states that Silchuk Transport LLC was served June 15, 2026. (Doc. 1 at 2, ¶ 2).

The notice of removal (filed in violation of local procedural filing requirements (Doc. 4)) contains two contradictory statements. First, it says that all Defendants who have been properly served consent to removal. (Doc. 1 at 4, ¶ 15). Since it says Ruben Arciniega has not been served, he is apparently excluded from that representation. However, it also says the notice of removal is timely. (*Id*. at ¶ 14). 28 U.S.C. § 1446(b)(2)(B) requires a notice of removal to be filed within 30 days of a defendant receiving the initial pleading. Clearly, given that it was served over 90 days ago, Silchuk Transport LLC cannot timely

remove. Thus, assuming Ruben Arciniega received the initial pleading less than 30 days ago, he is the only Defendant that can timely remove – and if he is the removing Defendant, he must consent to removal. The Court seriously questions whether the notice of removal is timely and whether the statement that it is timely was made in good faith.

However, the foregoing inconsistencies are the least of the notice of removal's deficiencies. A notice of removal must plead federal subject matter jurisdiction. Twenty years ago, the Ninth Circuit Court of Appeals decided *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), which holds that limited liability companies are deemed to be citizens "of every state of which [their] owners/members are citizens."

Notwithstanding *Johnson* and its progeny, Michael Ryan Williams and Sean Patrick Healy pleaded the citizenship of the limited liability company Defendant as if it was a corporation; namely alleging a state of "incorporation" and a principal place of business. (Doc. 1 at 3, ¶ 8).[1] Preliminarily, the Court finds that 20 years was adequate time for counsel to discover *Johnson* and follow this controlling, directly on point, Ninth Circuit case law.

However, in this case, the failure to follow controlling case law has moved beyond mere error to willful failure to comply with the law. Specifically, Judge Lanza has twice issued orders that provide first-year-law-student level explanations of the citizenship of a limited liability company to counsel Sean Patrick Healy.

Specifically,

> [Eric Lawrence Cook, Sean Patrick Healy, Lewis Brisbois Bisgaard & Smith LLP, Phoenix, AZ, for Defendants EUnion Hills AZ Partners LLC, Cortland Management LLC….]
>
> On April 24, 2023, Removing Defendants removed this action on diversity grounds. (Doc. 1 at 1-2.)...
>
> An LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, *the citizenship of all of the members must be pled.*" *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) (emphasis added). To plead the citizenship of an LLC's members, the

[1] The generic statements in paragraph 11 of Doc. 1 do not plead the citizenship of any particular Defendant.

> proper legal standard must be used for each one—"the place of domicile for members who are natural individuals, the place of incorporation and principal place of business for members that are corporations, and, if any of its members are LLCs, the citizenship of each of the member LLC's members must be alleged, again using the proper legal standards." *Hoemke v. Macy's W. Stores LLC*, 2020 WL 5229194, *2 n.4 (D. Ariz. 2020).

*Lavergne v. Pinnacle Apartments SPE LLC*, No. CV-23-00684-PHX-DWL, 2023 WL 3881436, at *1 (D. Ariz. June 8, 2023).

> [Adam S. Polson, Sean Patrick Healy, Lewis Brisbois Bisgaard & Smith LLP, Phoenix, AZ, for Defendants….]
>
> Defendants Pearl Biltmore LLC, Morgan Group Development, LLC, and Morgan Group Property Management, LLC removed this action solely on the basis of diversity jurisdiction. (Doc. 1.)…
>
> [T]the notice of removal asserts that "Pearl Biltmore, LLC is a Delaware limited liability company" and "Morgan Group Property Management, LLC is a Texas limited liability company." (Doc. 1 ¶¶ 4, 8.) These allegations are insufficient to establish diversity jurisdiction. An LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).

*Dunn v. Biltmore Fam. Partners LLC*, No. CV-25-01314-PHX-DWL, 2025 WL 1982390, at *2 (D. Ariz. July 17, 2025) (footnotes omitted).[2]

As this Court recounted in an Order in which Defendants were represented by lawyers at the firm of Lewis Brisbois Bisgaard & Smith LLP:

> Courts strictly construe the removal statute against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus,* 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979); *see Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th

[2] The Court has found seven other orders explaining to lawyers at the firm of Lewis Brisbois Bisgaard & Smith LLP how to plead diversity jurisdiction when a limited liability company is among the parties. *Yu v. Fydeski*, No. CV-22-02182-PHX-JAT, 2023 WL 4595905, at *1 (D. Ariz. July 18, 2023) ("This Order is the Court's *sixth* Order regarding Plaintiff's obligation to plead and prove diversity so that the Court can fulfill its obligation to ensure it has jurisdiction over this case."); *Deep Wilcox Oil & Gas LLC v. Texas Energy Acquisitions LP*, No. CV-18-00308-PHX-JJT, 2018 WL 3660042, at *1 (D. Ariz. Aug. 2, 2018) ("In a recent Order (Doc. 31), the Court required Defendants to amend the Notice of Removal to provide further detail as to the citizenship of the limited liability company (LLC) and limited partnership (LP) parties, so the Court could determine if it has diversity jurisdiction over this matter.").

> Cir. 1996) (quoting *Gaus* ). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus,* 980 F.2d at 566; *see Prize Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1265 (9th Cir. 1999) ("The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.") (citing *Emerich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988)).

*Maysey v. CraveOnline Media, LLC*, No. CV 09-1364-PHX-JAT, 2009 WL 3740737, at *1 (D. Ariz. Nov. 5, 2009).

As concluded above, here the notice of removal does not plead, or even attempt to legally correctly plead, the citizenship of the limited liability company Defendant. The Court finds that, given that federal jurisdiction must be rejected if there is any doubt as to the right to remove, *Gaus,* 980 F.2d at 566, jurisdiction must be rejected on this record.

Thus, the issue is what to do next. First, the Court would look to the Federal Rule of Civil Procedure 7.1 disclosure statement required in diversity cases. Here, Defendant failed to comply with the Rule and did not file the required disclosure statement. (Doc. 5). There can be no doubt counsel is aware of this requirement because Sean Patrick Healy received the same notice of deficiency in both of Judge Lanza's cases as he received in this case.

There being no other source of information for this Court to consult, the Court finds that this Court has no duty to give counsel, who files an inadequate notice of removal, an opportunity to cure. It is the removing Defendant's duty to establish jurisdiction and Defendant and counsel failed to do so. It puts an incredible burden on the Court to expect the Court to review every notice of removal, order a supplement (or multiple supplements) and then review the supplements because the removing party and their counsel failed to establish jurisdiction in the notice of removal itself.

Alternatively, even if this Court is required to educate counsel on how to plead diversity jurisdiction and give the removing party an opportunity to cure before remand, any such duty was met by Judge Lanza's prior two orders. This Court cannot articulate the jurisdictional requirements for establishing the citizenship of a limited liability company any more clearly than Judge Lanza has already done (twice). The removing parties' failure

to establish jurisdiction under this governing law causes the Court to conclude that jurisdiction must be lacking.

Accordingly,

**IT IS ORDERED** remanding this case to Apache County Superior Court for lack of federal subject matter jurisdiction.[3]

Dated this 24th day of September, 2026.

James A. Teilborg
Senior United States District Judge

[3] While the Court questioned the timeliness of removal, to be clear, the Court did not base any part of this decision on whether removal was timely. Remand is based solely on Defendants' failure to establish diversity jurisdiction.